UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL ROBLES, SANTO L. CEDENO SALTOS, WALTER GUZMAN, JORGE SARMIENTO, LUIS M. LLERENA, OSCAR FLORES, ALEXANDRA LASTRA, and FREDDY PADILLA,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL UNIVERSAL SERVICES, INC., A/K/A ALLIANCE ENVIRONMENTAL SYSTEMS, INC., JOHN DOE,<br><br>Defendants. | Civil Action No. 09-2377 (SDW) (MCA)<br><br>**OPINION**<br><br>October 5, 2011 |

**WIGENTON**, District Judge.

Before the Court is Defendant Alliance Environmental Systems, Inc.'s ("Defendant" or "Alliance") Motion for Sanctions pursuant to Fed. R. Civ. P. 11 against Plaintiffs Manuel Robles ("Robles"), Santo Cedeno Saltos ("Saltos"), Walter Guzman ("Guzman"), Jorge Sarmiento ("Sarmiento"), Luis Llerena ("Llerena"), Oscar Flores ("Flores"), Alexandra Lastra ("Lastra"), and Freddy Padilla's ("Padilla") (collectively "Plaintiffs") counsel and Motion for Attorney's Fees pursuant to New Jersey Conscientious Employee Protection Act, N.J. Stat. Ann. § 34:19-6 (West 2000) ("CEPA") ("Motions"). These Motions are decided without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, this Court denies Alliance's Motion for Sanctions and grants its Motion for Attorney's Fees.

1

**DISCUSSION**[1]
  1. **Sanctions**

"Rule 11 imposes a 'non-delegable duty upon the signing attorney to conduct his[/her] own independent analysis of the facts and law which forms the basis of a pleading or motion.'" Garr v. U.S. Healthcare, Inc., 22 F.3d 1274, 1277 (3d Cir. 1994) (internal quotation marks and citation omitted). The rule "provides that attorneys may be sanctioned if they, among other things, fail to make a reasonable inquiry into the legal legitimacy of a pleading. A district court must determine whether the attorney's conduct was 'objectively reasonable under the circumstances.'" Ario v. Underwriting Members of Syndicate 53 at Lloyds, 618 F.3d 277, 297 (3d Cir. 2010) (quoting Simmerman v. Corino, 27 F.3d 58, 62 (3d Cir. 1994)) (citation omitted). The District Court has wide discretion to determine whether counsel's conduct was objectively reasonable "under the circumstances." Brubaker Kitchens, Inc. v. Brown, 280 Fed. Appx. 174, 185 (3d Cir. 2008). However, the rule "may not be invoked because an attorney, after time for discovery, is unable to produce adequate evidence to withstand a motion for summary judgment." Teamsters Local Union No. 430 v. Cement Express, Inc., 841 F.2d 66, 69 (3d Cir. 1988). Furthermore, the Third Circuit has cautioned that the court should impose sanctions only "in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous." Doering v. Union Cnty. Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988) (quoting Gaiardo v. Ethyl Corp., 835 F.2d 479, 483 (3d Cir. 1987)); see also Mary Ann Pensiero, Inc., v. Lingle, 847 F.2d 90, 99 (3d Cir. 1988) ("We do not entreat from our admonition . . . against routine and indiscriminate invocation of Rule 11: sanctions under this Rule are reserved for only exceptional circumstances.") (citations omitted). Furthermore, even in those "exceptional circumstances" the court may, but is not required to, impose sanctions. Bensalem

---

[1] This Court's March 31, 2011 Opinion contains a detailed factual background of this case. Therefore, the facts will not be repeated in this Opinion.

2

Twp. v. Int'l Surplus Lines Ins. Co., 38 F.3d 1303, 1314 (3d Cir. 1994) (citing Doering, 857 F.2d at 194).

Defendant asserts that this Court should impose Rule 11 sanctions on Plaintiff's counsel because he filed claims that were legally and factually unsupported.  In response, counsel asserts that Defendant's motion is procedurally barred under Mary Ann Pensiero, Inc., 847 F.2d 90 (3d Cir. 1998) because it was filed after the entry of final judgment. (Pls.' Br. 1-2.)  This Court need not address whether Defendant's motion is procedurally barred because it finds that sanctions are not warranted.  Although Plaintiff's counsel could have been more diligent in the investigation of his claims, this Court does not find that the claims were so unreasonable as to constitute an abuse of the legal system.  See Goldenberg v. Indel, Inc., No. 09-5202, 2011 U.S. Dist. LEXIS 31851, at *6 (D.N.J. Mar. 25, 2011) ("Sanctions are imposed only in those rare instances where the evident frivolousness of a claim or motion amounts to an 'abuse[] of the legal system.'") (quoting Doering, 857 F.2d at 194).  In other words, this is neither an exceptional nor rare circumstance requiring the imposition of sanctions.

### 2. Attorney's Fees

"A court . . . may [] order that reasonable attorneys' fees and court costs be awarded to an employer if the court determines that an action brought by an employee under this act[, CEPA,] was without basis in law or in fact." N.J. Stat. Ann. § 34:19-6.

> New Jersey courts have reasoned that the standard of 'without basis in law or fact' is similar to the standard in New Jersey's frivolous claim law, which states that the prevailing party may be awarded costs if the nonprevailing party either brought the claim in bad faith for harassment, delay, or malicious injury, or knew, or should have known, that the complaint was without basis in law or equity.

Davitt v. Open MRI of Warren, No. 03-4861, 2007 U.S. Dist. LEXIS 25230, at *3 (D.N.J. Apr. 4, 2007) (citing Buccinna v. Micheletti, 311 N.J. Super. 557 (App. Div. 1998)).

Plaintiffs argue that Defendant is not entitled to attorney's fees because their CEPA claim had a basis in law or fact. This Court disagrees. As to Lastra, Plaintiffs conceded that his claim was time barred. Furthermore, this Court found that Guzman and Sarmiento's claims were also time barred. Robles v. U.S. Envtl. Universal Servs., 09-2377, 2011 U.S. Dist. LEXIS 35544, at *10-11 (D.N.J. Mar. 31, 2011). Consequently, Lastra, Guzman and Sarmiento's CEPA claims were not legally supportable and Plaintiffs should have known as such.

Similarly, Saltos and Robles's CEPA claims also lacked support. Plaintiffs assert that this Court implied that Saltos and Robles provided a legal and factual basis to support CEPA's first three requirements. That is inaccurate. In its March 31, 2011 Opinion, this Court specifically stated that it was not "analyzing the first three elements" of CEPA. Robles, 09-2377, 2011 U.S. Dist. LEXIS 35544, at *11. Therefore, Plaintiffs' assertion is not supported by this Court's Opinion. Additionally, Saltos' claim had no legal or factual basis because he was terminated before he complained to the Department of Labor ("DOL") and Robles testified that he had no basis to believe that Defendant was aware he had contacted the DOL. Plaintiffs, nevertheless, maintain that there was a causal connection because they complained to their supervisor about their wages and they were terminated thereafter. However, Plaintiffs did not provide any circumstantial evidence to support this contention. For example, Plaintiffs did not provide any evidence on the "temporal proximity" of their protected conduct and their subsequent termination. Maimone v. Atl. City, 188 N.J. 221, 237 (2006). Consequently, Defendant is entitled to reasonable attorney's fees incurred in litigating the CEPA claims.

**CONCLUSION**

For the reasons stated above, Alliance's Motion for Sanctions is denied; however, its Motion for Attorney's Fees is granted.

s/ Susan D. Wigenton<br>
**Susan D. Wigenton, U.S.D.J.**

cc:  Madeline Cox Arleo, U.S.M.J.