UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MANUEL ROBLES, SANTO L. CEDENO SALTOS, WALTER GUZMAN, JORGE SARMIENTO, LUIS M. LLERENA, OSCAR FLORES, ALEXANDRA LASTRA, and FREDDY PADILLA, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL UNIVERSAL SERVICES, INC., A/K/A ALLIANCE ENVIRONMENTAL SYSTEMS, INC., JOHN DOE, <br><br> Defendants. | Civil Action No. 09-2377 (SDW) (MCA) <br><br> **OPINION** <br><br> March 26, 2012 |

**WIGENTON**, District Judge.

Before the Court is Defendant Alliance Environmental System's ("Defendant" or "Alliance") Motion for Clarification of this Court's October 5, 2011 Order. This Motion is decided without oral argument pursuant to Fed. R. Civ. P. 78.

**FACTUAL BACKGROUD**

This matter arises from Alliance's termination of eight of its employees: Manuel Robles, Santo Cedeno Saltos, Walter Guzman, Jorge Sarmiento, Luis Llerena, Oscar Flores, Alexandra Lastra, and Freddy Padilla (collectively "Plaintiffs"). Plaintiffs alleged that their termination constituted wrongful discharge (breach of contract), was in violation of the New Jersey Conscientious Employee Protection Act, N.J. Stat. Ann. § 34:19-3 et seq. ("CEPA"), and resulted in defamation. Thereafter, on November 15, 2010, plaintiffs Llerena, Flores and Padilla withdrew their claims against Alliance. (Docket Entry Nos. 52, 53). On March 31, 2011, this

1

Court granted Defendant's motion for summary judgment on all of Plaintiffs' claims.[1] (Docket Entry Nos. 61, 62). Subsequently, on April 7, 2011, Defendant moved for sanctions under Fed. R. Civ. P. 11 and requested attorneys' fees pursuant to CEPA. (Docket Entry Nos. 63, 64). On October 5, 2011, this Court denied Alliance's motion for sanctions but granted its motion for counsel fees under CEPA after a determination that Plaintiffs' CEPA claim did not have a basis in law or fact. (Docket Entry Nos. 71, 72).

Alliance submits that it incurred $77,362.00 in attorneys' fees and $5,478.93 in expenses in connection with this litigation. (Landesman Certification ("Certif.") ¶¶ 17, 20.) Alliance billed 293.30 hours in this action. (Landesman Certif. Ex. A, at 24.) Three individuals, including one partner, Jonathan Landesman ("Landesman"), and two associates, Lawren Briscoe ("Briscoe") and Mark Leavy ("Leavy"), worked on this matter. (Id. ¶¶ 21, 24, 26.) However, Briscoe performed the vast majority of the work. (Id. ¶ 25.) Landesman's rate was $325 per hour at the inception of this matter, $335 per hour in January 2010 and $350 per hour in January 2011. (Id. ¶ 23.) Briscoe's services were billed at a rate of $240 per hour, increasing to $260 per hour in January 2010. (Id. ¶ 25.) Leavy's services were billed at a rate of $260 per hour, increasing to $270 per hour in January 2011. (Id. ¶ 27.)

**DISCUSSION**

    **1. Reasonableness of Attorneys' Fees and Costs**

CEPA provides in relevant part that "[a] court . . . may [] order that reasonable attorneys' fees and court costs be awarded to an employer." N.J. Stat. Ann. § 34:19-6. The award of attorneys' fees, however, is discretionary. Best v. C&M Doors Controls, Inc., 402 N.J. Super. 229, 246 (App. Div. 2008), aff'd in part and rev'd in part, 200 N.J. 348 (2009). "The party

---

[1] On March 13, 2012, the Third Circuit affirmed this Court's grant of summary judgment. Robles v. United States Evtl. Universal Servs., No. 11-2118, 2012 U.S. App. LEXIS 5270 (3d Cir. Mar. 13, 2012).

seeking attorney's fees has the burden to prove that its request . . . is reasonable." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). To meet this burden, Alliance must "submit evidence supporting the hours worked and rates claimed." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Thereafter, Plaintiffs have "the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." Rode, 892 F.2d at 1183.

According to Hensley, "[t]he most useful starting point for determining the amount of reasonable fees is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. at 433. This approach is known as the lodestar approach. Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 310 (3d Cir. 2008). After the court determines the lodestar, it is within the court's discretion to adjust it in light of the adverse party's objections. D'Orazio v. Wash. Twp., Civ. A. No., 07-5097, 2011 U.S. Dist. LEXIS 146635, at *5 (D.N.J. Dec. 21, 2011) (citing Hensley, 461 U.S. at 434; McKenna v. City of Philadelphia, 582 F.3d 447, 455-59 (3d Cir. 2009)); Rode, 892 F.2d at 1183. However, the court cannot "decrease a fee award based on factors not raised at all by the adverse party." Bell v. United Princeton Props., Inc., 884 F.2d 713, 720 (3d Cir. 1989).

Plaintiffs do not object to the reasonableness of the hourly rates or the number of hours Alliance expended on this action. Thus, this Court concludes that the hours Defendant expended in defending this litigation were reasonable. Plaintiffs' counsel filed a total of five amended complaints in this action and Defendant filed Answers to three of these amended complaints. Moreover, the discovery period was extended as a result of Plaintiffs' counsel filing several amended complaints and adding more plaintiffs. Additionally, this litigation involved eight

3

plaintiffs and each plaintiff asserted three claims. In short, the hours Alliance expended were not excessive.

Although Plaintiffs do not object to the reasonableness of the number of hours Alliance expended on this action, Plaintiffs contend that Defendant is only entitled to the fees it expended on litigating the CEPA claims and that its present certification does not provide a breakdown for each plaintiff and for each claim. (Pls.' Br. 3-4.) Nonetheless, Plaintiffs acknowledge that some of the claims "overlap" and are identical. (Id. at 3.) In any event, Plaintiffs are correct in arguing that Defendant is only entitled to the attorneys' fees related to the CEPA defense. See N.J. Stat. Ann. § 34:19-6. Alliance has not responded to Plaintiffs' arguments or provided a breakdown for the hours it expended on defending each claim.

This Court is persuaded that a substantially reduced award is warranted in this case because the award Defendant seeks is based on the number of hours it expended on defending all of the claims, not just the CEPA claims. Therefore, this court must award the amount of fees that is reasonable in relation to Defendant's defense of the CEPA claims. See Moody v. Twp. of Marlboro, 855 F.Supp. 685, 691 (D.N.J. 1994) (reducing award of attorneys' fees to a fee that is reasonable "in relation to the results obtained."). As the Supreme Court has noted, "[t]here is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award." Hensley, 461 U.S. at 436-37. The latter approach is more appropriate and equitable in this case because, as stated earlier, there is no breakdown for the number of hours Alliance expended on each claim. Plaintiffs asserted three claims in this action. However, Plaintiffs acknowledge that some of the claims are interrelated and identical. (Pls.' Br. 3.) Consequently, this Court concludes that the reasonable award for Alliance's defense of the CEPA claims is one-third of the amount

4

Defendants expended in defending all three claims, which is $25,787.33 in attorneys' fees and $1,826.31 in costs.

**2. Joint and Several Liability of all Plaintiffs and Plaintiffs' Counsel**

Alliance also requests that this Court "specifically clarify[] the extent to which all Plaintiffs and Plaintiffs' Counsel are jointly and severally liable" for the fees and costs award. (Def.'s Notice of Mot. 2.)

    a. <u>Whether Plaintiffs' Counsel is Jointly and Severally Liable for Alliance's Attorneys' Fees and Costs</u>

Alliance does not provide any case law that would suggest that Plaintiffs' attorney can be held jointly and severally liable for attorneys' fees and costs. Plaintiffs do not even respond to Alliance's inquiry about whether Plaintiffs' counsel may be jointly and severally liable for the fees and costs award. Nonetheless, this Court concludes that Plaintiffs' counsel is not jointly and severally liable for Alliance's counsel fees and costs.

CEPA provides that the assessment of attorneys' fees should be made against the <u>employee</u>. N.J. Stat. Ann. § 34:19-6. The plain words of the statute indicate that only Plaintiffs are liable for attorneys' fees and costs. Additionally, holding counsel and the party he or she represents jointly and severally liable for attorneys' fees is usually appropriate when sanctions are imposed under Fed. R. Civ. P. 11. <u>Willy v. Coastal Corp.</u>, 503 U.S. 131, 135 n.1 (1992). This Court perceives Alliance's request for clarification as to Plaintiffs' counsel's responsibility for paying its attorneys' fees as a back door to imposing sanctions on Plaintiffs' counsel. This Court has previously denied Defendant's motion to impose sanctions on Plaintiffs' attorney. (<u>See</u> Docket Entry Nos. 71, 72).

Moreover, how other courts in this District have treated the issue of whether to hold plaintiff's counsel liable for attorneys' fees under 42 U.S.C. §§ 1988 and 200e-5(k) is instructive.

5

Federal courts routinely look for guidance from identical federal statutes in interpreting New Jersey statutes.  See Leshner v. McCollister's Transp. Sys., 113 F.Supp. 2d 689, 692 (2000) (acknowledging that both federal and New Jersey state courts seek guidance from federal law when interpreting New Jersey's Law Against Discrimination); Moody, 855 F. Supp. at 691 (applying § 1988 standards to discussion on award of attorneys' fees under CEPA); Trafton v. City of Woodbury, 799 F. Supp. 2d 417 (D.N.J. 2011) (applying § 1983 standards to a claim under the New Jersey Civil Rights Act).  The New Jersey Supreme Court has expressly stated that CEPA is a "civil rights statute."  Abbamont v. Piscataway Twp. Bd. of Educ., 138 N.J. 405, 431 (1994).  Therefore, it is appropriate to seek guidance from §§ 1988 and 200e-5(k).

Sections 1988 and 2000e-5(k) are similar to N.J. Stat. Ann. § 34:19-6 because they permit the award of attorneys' fees to defendants "upon a finding that the plaintiff's action was frivolous, unreasonable[, meritless] or without foundation."  EEOC v. L.B. Foster Co., 123 F.3d 746, 751 (3d Cir. 1997) (citation omitted).  In Brown v. Fairleigh Dickinson Univ., the plaintiff brought claims under §§ 1981, 1985, and Title VII.  560 F. Supp. 391, 394 (D.N.J. 1983).  Subsequently, the court granted defendants' motion for a directed verdict on the plaintiff's §§ 1981, 1985, and Title VII claims.  Id. at 402.  Consequently, the defendants requested attorneys' fees.  The court concluded that the plaintiffs' claims were frivolous and awarded attorneys' fees. Id. at 405.  The plaintiff argued that attorneys' fees should not be awarded because he was not responsible for his counsel's legal decisions.  Id. at 407.  The court concluded that "a party is considered responsible for the conduct of counsel, and attorneys' fees, if awarded, are assessed against the plaintiff rather than against counsel."  Id.  Therefore, this Court concludes that Plaintiffs' attorney is not jointly and severally liable for the fees and costs award.

      b. <u>Whether Plaintiffs are Jointly and Severally Liable for Alliance's Attorneys' Fees and Costs</u>

Defendant also requests that this Court clarify if Plaintiffs are jointly and severally liable for the assessment of attorneys' fees. (Def.'s Notice of Mot. 2.) CEPA is silent on whether an assessment against multiple employees in the same action makes the employees jointly and severally liable. Neither Plaintiffs nor Defendant provide any caselaw to guide the court and there is no New Jersey case on point. "In the absence of an authoritative pronouncement from the state's highest court, the task of a federal tribunal is to predict how that court would rule." <u>Pa. Glass Sand Corp. v. Caterpillar Tractor Co.</u>, 652 F.2d 1165, 1167 (3d Cir. 1981).

"The allocation of fee liability is a matter that is committed to the district court's discretion." <u>Koster v. Perales</u>, 903 F.2d 131, 139 (2d Cir. 1990) (citing <u>Hensley</u>, 461 U.S. at 437). Even though "the law governing apportionment of attorney's fees assessments remains relatively unsettled," some of the factors a court may take into consideration in allocating fees include "the relative culpability of the parties and the proportion of time spent litigating against each" plaintiff. <u>Id.</u> (citations omitted). Once again, this Court finds the allocation of attorneys' fees under §§ 1988 and 2000e-5(k) for cases involving multiple plaintiffs instructive.

In <u>Turner v. D.C. Bd. of Elections & Ethics</u>, the court held that, in allocating attorneys' fees under § 1988, claims "centered on a set of common issues against two or more jointly responsible defendants should be assessed jointly and severally." 354 F.3d 890, 898 (D.C. Cir. 2004) (internal quotation marks and citation omitted). However, "if claims are not attributable to all defendants and are not centered on a set of common issues, i.e., claims that are truly fractionable, fees should be apportioned." <u>Id.</u> (internal quotation marks and citation omitted). In <u>Garner v. Cuyahoga Cnty. Juvenile Court</u>, the court extended <u>Turner's</u> holding to plaintiffs and held that "where multiple civil-rights plaintiffs are liable for attorney fees under § 1988 in the

7

same proceeding, one plaintiff should not be required to pay for the attorney fees associated with defending against the claims of another plaintiff if the plaintiffs' respective claims are factually unrelated." 554 F.3d 624, 641 (6th Cir. 2009).

Here, Plaintiffs' claims are "centered on a set of common issues" and are factually related. Id.; Turner, 354 F.3d at 898. Plaintiffs were hired at the same time and they all alleged that Alliance told them it would pay them a specific rate. Additionally, Plaintiffs complained to the Department of Labor at the same time and were subsequently terminated. Therefore, it is appropriate to impose joint and several liability under this set of facts.

Nevertheless, this Court cannot impose joint and several liability on all eight plaintiffs. Only seven plaintiffs asserted CEPA claims against Alliance. However, two of those seven withdrew their CEPA claims after discovery. (Docket Entry Nos. 52, 53). Therefore, it goes against reason to hold all plaintiffs jointly and severally liable for Alliance's attorneys' fees. This conclusion is buttressed by the statute which provides that "an employee shall not be assessed attorneys' fees under this section if, after exercising reasonable and diligent efforts after filing suit, the employee files a voluntary dismissal concerning the employer, within a reasonable time after determining that the employer would not be found to be liable for damages." N.J. Stat. Ann. § 34:19-6. Alliance has not established that the plaintiffs who voluntarily dismissed their CEPA claims did not do so within a reasonable time. Consequently, those two plaintiffs are not liable for Alliance's attorneys' fees. However, this Court concludes that the five plaintiffs[2] who

---

[2] This Court recognizes that Robles, Guzman, Sarmiento and Saltos were the plaintiffs named in the original Complaint, which was filed in April 2009. Lastra was not added as a plaintiff until July 2010, about a year and three months after the filing of the original Complaint. Nonetheless, it is not inequitable to hold Lastra jointly and severally liable for Alliance's attorneys' fees and costs associated with defending the CEPA claims from the inception of this action because Plaintiffs' CEPA claims are based on the same set of facts and she benefitted from any work that was done prior to being added as a plaintiff.

proceeded with their CEPA claims against Alliance are jointly and severally liable for Alliance's attorneys' fees and costs.

**CONCLUSION**

For the reasons stated above, this Court concludes that Alliance may only recover the amount it expended on litigating the CEPA claims and Plaintiffs' counsel is not jointly and severally liable for the attorneys' fees award.  However, this Court concludes that the five plaintiffs who proceeded with their CEPA claims against Defendant are jointly and severally liable for the fees and costs award.

s/ Susan D. Wigenton, U.S.D.J.

cc:     Magistrate Judge Madeline C. Arleo